**OUTTEN & GOLDEN LLP**
Rachel Bien
Juno Turner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILEY WRIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>C.E.C. ENTERTAINMENT, INC. d/b/a CHUCK E. CHEESE'S, and APOLLO GLOBAL MANAGEMENT, LLC,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Wiley Wright ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys at Outten & Golden LLP, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1.   This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers who have been employed by C.E.C. Entertainment, Inc. and Apollo Global Management, LLC  (together, "Chuck E. Cheese" or "Defendants") as Assistant Managers ("AMs") and/or Senior Assistant Managers ("SAMs") in the United States.

2.   Plaintiff, a former AM and SAM employed by Chuck E. Cheese brings this action on behalf of himself and other current and former AMs and SAMs who were unlawfully classified as

1

exempt from overtime protections and worked more than 40 hours a week without overtime premium pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

3. Chuck E. Cheese is "the nationally recognized leader in family dining and entertainment."[1]

4. Chuck E. Cheese operates 514 corporate-owned locations in the United States and Canada.[2]

5. Chuck E. Cheese employs AMs and SAMs such as Plaintiff and others similarly situated at its locations nationwide.

6. Chuck E. Cheese claims to be a place where its customers will "never overpay to play."[3] Unfortunately for its employees, Chuck E. Cheese's focus on frugality extends to its pay practices. AMs and SAMs, who predominantly perform low-level customer service duties, work long hours for little pay and no overtime.

7. AMs and SAMs spend the majority of their time performing customer service duties, including working the cash register, cleaning tables and other parts of the facility, acting as "hosts" for parties, and dressing up as Chuck E. Cheese.

8. Plaintiff brings this action under the FLSA on behalf of himself and similarly situated current and former AMs and SAMs who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

---

[1] Chuck E. Cheese "Investor Relations" website, available at http://phx.corporate-ir.net/phoenix.zhtml?c=72589&p=irol-irhome (last visited July 24, 2014).
[2] *Id.*
[3] Chuck E. Cheese website, http://www.chuckecheese.com/experience/visiting-cec (last visited July 26, 2014).

9. Plaintiff also brings this action on behalf of himself and similarly situated current and former AMs and SAMs who worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations (collectively "NYLL").

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and diversity jurisdiction under 28 U.S.C. § 1332.

11. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

12. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they are so closely related to the claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. Defendants are subject to personal jurisdiction in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

*Plaintiff*

15. Plaintiff Wiley Wright is an adult individual who is a resident of Newport News, Virginia.

16. Wright was employed by Defendants from approximately January 2008 through May 2014.

17. From approximately February 2008 to approximately April 2010, Wright worked for Chuck E. Cheese as an AM in CEC's Gun Hill Road, Bronx location.

18. From approximately April 2010 to approximately October 2010, Wright worked for Chuck E. Cheese as an AM in CEC's Brooklyn location.

19. From approximately October 2010 to approximately October 2011, Wright worked for Chuck E. Cheese as an AM in Chuck E. Cheese's Long Island City, Queens location.

20. From approximately October 2011 to approximately November 2013, Wright worked for Chuck E. Cheese as an SAM in Chuck E. Cheese's Brooklyn location.

21. From approximately November 2013 to approximately May 2014, Wright worked for Chuck E. Cheeseas an SAM in Chuck E. Cheese's Harlem, Manhattan location.

22. Wright regularly worked more than forty hours, sometimes as many as 60 hours, without being paid overtime.

23. Wright is a covered employee within the meaning of the FLSA and the NYLL.

24. A written consent form for Wright is attached hereto as Exhibit A.

*Defendants*

*CEC Entertainment, Inc.*

25. CEC Entertainment, Inc. ("CEC") is headquartered in Irving, Texas.

26. Together with Apollo Global Management, LLC ("Apollo"), CEC employed and/or jointly employed Plaintiff and other similarly situated current and former AMs and SAMs within the meaning of the FLSA and NYLL.

27. Together with Apollo, CEC operates Chuck E. Cheese restaurants in 47 states, including 23 in New York.

4

28. Together with Apollo, CEC has the power to control the terms and conditions of employment for Plaintiff and those similarly situated, including with respect to their compensation and classification as exempt or non-exempt employees.

29. CEC is a covered employer within the meaning of the FLSA and NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

30. During relevant times, CEC maintained control, oversight and direction over Plaintiff and similarly situated employees, including with respect to timekeeping, payroll, and other employment practices that applied to them.

31. CEC applies the same employment policies, practices, and procedures to all AMs and SAMs.

32. CEC classified Plaintiff and other SAMs as exempt.

33. CEC classified Plaintiff and other AMs as exempt.

34. At all times relevant, CEC's annual gross volume of sales made or business done was not less than $500,000.

35. CEC is the entity listed on Plaintiff's paystubs and W-2s.

*Apollo Global Management, LLC*

36. Apollo is headquartered in New York, New York.

37. Together with CEC, Apollo employed and/or jointly employed Plaintiff and other similarly situated current and former AMs and SAMs within the meaning of the FLSA and NYLL.

38. Together with CEC, Apollo operates Chuck E. Cheese restaurants in 47 states, including 23 in New York.

39. Apollo has the power to control the terms and conditions of employment for Plaintiff and those similarly situated, including with respect to their compensation and classification as exempt or non-exempt employees.

40. Apollo is a covered employer within the meaning of the FLSA and NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

41. During relevant times, Apollo maintained control, oversight and direction over Plaintiff and similarly situated employees, including with respect to timekeeping, payroll, and other employment practices that applied to them.

42. Apollo applies the same employment policies, practices, and procedures to all AMs and SAMs.

43. Apollo classified Plaintiff and other SAMs as exempt.

44. Apollo classified Plaintiff and other AMs as exempt.

45. At all times relevant, Apollo's annual gross volume of sales made or business done was not less than $500,000.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

46. Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated AMs and SAMs whom Chuck E. Cheese classified as exempt from overtime requirements, who worked more than 40 hours a week for Chuck E. Cheese at any time between October 17, 2011 and the date of final judgment in this matter, and who elect to join this action (the "FLSA Collective").

47. Plaintiff and the FLSA Collective are similarly situated in that they have substantially similar job duties and are subject to Defendants' common compensation policies, patterns, and/or practices, including without limitation Defendants' misclassification of AMs and SAMs as being exempt from the protections of the FLSA.

48. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff. There are many similarly situated current and former AMs and SAMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised

notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

49. All the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all the work that Plaintiff and the FLSA Collective have performed.

50. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiff and the members of the FLSA Collective overtime for hours that they worked in excess of forty (40) hours per workweek;

    b. willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

    c. willfully failing to record all of the time that their employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

51. Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of forty (40) per workweek.

52. Plaintiff and the FLSA Collective all perform or performed the same primary duty.

## CLASS ACTION ALLEGATIONS

53. Plaintiff brings the Second Cause of Action, the NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of all AMs and SAMs whom Defendants classified as exempt from overtime requirements and who worked more than 40 hours a week for Defendants in New York at any time between October 17, 2008 and the date of final judgment in this matter (the "New York Class").

54. Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in either Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

55. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

56. Upon information and belief, the size of the New York Class is at least 50 workers.

57. Defendants acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

58. The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

   a. whether Defendants misclassified Plaintiff and the New York Class as exempt from the NYLL's overtime requirements;

   b. whether Defendants failed and/or refused to pay Plaintiff and the New York Class overtime pay for hours worked in excess of forty (40) hours per workweek within the meaning of NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

   c. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the New York Class;

    d.  what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    e.  the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class; and

    f.  whether Defendants' policy of failing to pay overtime was instituted willfully or with reckless disregard of the law.

  59. Plaintiff's claims are typical of the claims of the New York Class he seeks to represent. Plaintiff and the other New York Class members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime for hours worked in excess of forty per week. Defendants acted and refused to act on grounds generally applicable to the New York Class, thereby making declaratory relief with respect to the New York Class appropriate.

  60. Plaintiff will fairly and adequately represent and protect the interests of the New York Class. Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. Plaintiff recognizes that as a class representative, he must represent and consider the interests of the New York Class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the New York Class. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class. Plaintiff understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

61. Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

62. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

63. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

64. Plaintiff and the members of the New York Class and FLSA Collective (collectively, "Class Members") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and the NYLL by denying them overtime.

65. Upon information and belief, Plaintiff and the Class worked more than forty hours during most weeks in which they worked for Defendants.

66. Upon information and belief, Plaintiff and the Class were commonly scheduled to work for fifty hours per week.

67. Defendants failed to pay Plaintiff and the Class overtime compensation for hours they worked over forty in a workweek.

68. Defendants failed to keep accurate records of the hours that Plaintiff and the Class worked.

69. All of the work that Plaintiff and the Class have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and the Class performed.

70. Pursuant to a centralized, company-wide policy, pattern or practice that was authorized, established, promulgated, and/or ratified by their corporate headquarters, Defendants classified Plaintiff and the Class as exempt from the overtime protections of the FLSA and NYLL.

71. Defendants' classification determination did not vary depending on the location where AMs or SAMs worked.

72. Defendants did not perform a person-by-person analysis of every AM and SAM's job duties in making its decision to classify all AMs and SAMs as exempt.

73. Defendant has recently begun a company-wide reclassification of AMs and SAMs from exempt to hourly employees.

74. Plaintiff and the Class performed the same primary job duties.

75. Plaintiff and the Class regularly performed non-managerial customer service duties, including working the cash register, operating the "Kid Check®," cleaning tables and other parts of the facility, cooking, acting as "hosts" for parties, and dressing up as Chuck E. Cheese.

76. Plaintiff and the Class did not have the authority to hire and fire employees.

77. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the Class. This policy and pattern or practice includes but is not limited to:

  a. willfully failing to record all of the time that their employees, including Plaintiff and the members of the Class, have worked for the benefit of Defendants;

  b. willfully failing to keep payroll records as required by the FLSA and NYLL;

  c. willfully misclassifying Plaintiff and the members of the Class as exempt from the requirements of the FLSA and NYLL; and

  d. willfully failing to pay their employees, including Plaintiff and the members of the Class, overtime wages for hours that they worked in excess of forty per week;

78. Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) hours per week.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act:  Unpaid Overtime Wages
### On Behalf of Plaintiff and the FLSA Collective

79. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80. At all relevant times, Plaintiff and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

81. The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to Defendants.

82. Defendants are employers and/or joint employers of Plaintiff and the FLSA Collective and are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

83. At all relevant times, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

84. Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

85. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

86. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

87. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NYLL:  Unpaid Wages**
**On behalf of Plaintiff and the New York Class**

88. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89. At all times relevant, Plaintiff and the members of the New York Class have been employees and Defendants have been employers within the meaning of the NYLL.

90. Plaintiff and the members of the New York Class are covered by the NYLL.

91. Defendants employed Plaintiff and the members of the New York Class as employers and/or joint employers.

92. Defendants failed to pay Plaintiff and the members of the New York Class wages to which they are entitled under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

93. Defendants failed to pay Plaintiff and the members of the New York Class overtime for hours worked over forty in a workweek.

94. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the New York Class members.

95. Defendants' violations of the NYLL, as described in this Complaint, have been willful and intentional.

96. Due to Defendants' violations of the NYLL, Plaintiff and the members of the New York Class are entitled to recover from Defendants their unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as provided by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court issue such notice, to all persons who are members of the FLSA Collective. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime;

B. Unpaid overtime and liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations, and the NYLL and its supporting regulations;

C. An injunction enjoining Defendants from violating the foregoing laws and regulations in the future;

D. Pre-judgment and post-judgment interest;

E. Attorneys' fees and costs of the action, including expert fees;

F. Certification of this action as a class action under Rule 23;

G. Designation of Plaintiff as a Class Representative;

H. A declaratory judgment that the practices complained of herein are unlawful under the NYLL; and

I. Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: October 17, 2014
New York, New York

Respectfully submitted,
**OUTTEN & GOLDEN LLP**

By: _____
Rachel Bien
Juno Turner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

*Attorneys for Plaintiff and the Putative Class and Collective*