| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------X<br>WILEY WRIGHT, individually and on<br>behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>                -against-<br><br>C.E.C. ENTERTAINMENT, INC. d/b/a<br>CHUCK E. CHEESE'S,<br><br>                    Defendant.<br>-------------------------------------------------------X | **NOT FOR PUBLICATION**<br><br><br><br><br><br>**SUMMARY ORDER**<br><br>14-CV-6110 (MKB) (RER) |

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Wiley Wright ("Wright" or "Plaintiff") brought this action against defendant ("Chuck E. Cheese's" or "Defendant") for unpaid overtime wages under the Fair Labor Standards Act ("the FLSA") and the New York Labor Law. Before the Court is Wright's motion for conditional certification of a collective action under 29 U.S.C. § 216(b). Wright seeks conditional certification of a nationwide collective action of all exempt assistant managers ("AMs") and senior assistant managers ("SAMs") at any Chuck E. Cheese's location from October 17, 2011 to the present. Defendant opposes the conditional certification outright, or suggests that certification should be limited to the Chuck E. Cheese's locations at which Wright actually worked. For the reasons stated herein, Plaintiff's motion is granted in part.[1]

---

[1] A magistrate judge has the authority to rule on a motion for FLSA conditional certification under the FLSA. *See, e.g.*, *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 383-84 (E.D.N.Y. 2010); *Gortat v. Capala Bros., Inc.*, No. 07-CV-3629 (ILG), 2010 WL 1423018, at *8 (E.D.N.Y. Apr. 9, 2010).

For the sake of brevity, I will dispense with a protracted discussion of the facts and applicable legal principles, which are adequately discussed in the parties' written submissions.

From February 2008 to May 2014, Wright worked as an AM or SAM at four separate Chuck E. Cheese's locations in New York City. (Declaration of Wiley Wright, dated December 12, 2014 ("Wright Decl."), ¶¶ 2-6). During this period, Wright typically worked between 50 and 70 hours per week but was never paid overtime. (*Id.* at ¶¶ 15-16.) Wright (as well as all other AMs and SAMs nationwide) was classified as exempt, but performed primarily non-exempt work. (*Id.* at ¶¶ 17-23). During his tenure with Defendant, Wright observed at least four other AMs or SAMs performing primarily the same non-exempt duties as him, and similarly not receiving overtime compensation for hours worked in excess of forty per week. (*Id.* at ¶ 26; Supplemental Declaration of Wiley Wright, dated January 25, 2015, ¶¶ 1-21.) Wright has thus sustained his minimal burden on a motion for conditional certification to show that there are other employees who may be similarly situated at the four stores at which he worked.[2]

As stated, however, Wright seeks conditional certification of a *nationwide* collective action of AMs and SAMs. Relying on Defendant's initial classification of all AMs and SAMs nationwide as exempt, uniform training programs, and identical AM and SAM job postings

---

[2] *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) ("In a FLSA exemption case, plaintiffs accomplish this by making some showing that 'there are other employees ... who are similarly situated with respect to their job requirements and with regard to their pay provisions,' on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme.") (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008)); *Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (plaintiffs can meet their burden of conditional certification by submitting "employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees.") (citation omitted); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.) (similar).

nationwide showing that all such employees perform the same job duties from store to store, Wright contends there is a sufficient showing that there may be other AMs and SAMs who were similarly situated to him. (Memorandum of Law in Support of Plaintiff's Motion for Conditional Certification, dated December 12, 2014, at 11-13.) I disagree.

While such evidence is some indication that AMs and SAMs performed the same or similar job functions,[3] and thus may be similarly situated, it is not enough to satisfy even the minimal burden on a motion for conditional certification. First, the duties listed in the various identical postings describe arguably managerial responsibilities. Thus, they are hardly an indication that AMs and SAMs nationwide may have performed the same or similar non-exempt work as Wright. Second, although Defendant may have trained all AMs and SAMs the same and classified them as exempt, it does not follow that all, or even some, AMs and SAMs may have performed primarily non-exempt work. In this regard, it is important to note that Wright states that at the four stores at which he worked there were insufficient non-exempt staff to perform the non-exempt work, and as a result he had to do it for them. (Wright Decl., ¶ 17.) There is no indication that such may have been the case at any other store, even considering Chuck E. Cheese's centralized control of the majority of its locations, its uniform training and job

---

[3] *Jackson v. Bloomberg, L.P.*, 238 F.R.D. 152, 161 (S.D.N.Y. 2014)(classification of all employees of certain type as exempt militates in favor of granting conditional certification); *Jacob v. Duane Reade, Inc.*, No. 11 Civ. 0160 (JPO), 2012 WL 260230, at *8 (S.D.N.Y. Jan. 27, 2012) (same); *Trawinski v. KPMG LLP*, No. 11 Civ. 2978 (PAC), 2012 WL 6758059, at *4 (S.D.N.Y. Dec. 21, 2012) (same); *Puglisi v. TD Bank, N.A.*, 998 F. Supp. 2d 95, 100(E.D.N.Y. 2014) (conditionally certifying nationwide collective action based in part on similar job postings); *Ravenell v. Avis Budget Car Rental, LLC*, No. 08 Civ. 2113 (SLT) (SMG), 2010 WL 2921508 (E.D.N.Y. July 29, 2010) (same); *Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 184 (D. Conn. 2010) (same);

postings, and its uniform treatment of all AMs and SAMs as exempt. Wright needs to show a bit more to obtain conditional certification of a nationwide collective action.

Nevertheless, although I decline to conditionally certify a nationwide collective action at this time, I will permit Wright to take discovery on the actual job duties performed by other AMs and SAMs nationwide, perhaps using sampling. The parties are to meet and confer on the scope and manner of that discovery and submit any disputes to me for resolution pursuant to my individual rules of practice.

Accordingly, Plaintiff's motion for conditional certification of a collective action is granted in part. The Court will authorize the distribution of a collective action notice to all AMs and SAMs that worked during the relevant period at the four stores at which Wright worked.[4] The particularities of the notice will be discussed at a telephone conference on Monday, July 20, 2015 at 2:30 p.m., which shall be initiated by Plaintiff's counsel.

Dated: Brooklyn, New York
       July 16, 2015

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**

---

[4] I find unconvincing Defendant's argument that because Wright was not an AM during the statute of limitations period, the Court should conditionally certify a collective action, if at all, only of SAMs. Wright "observed other AMs and SAMs performing the same job duties he performed" during the relevant period. (Wright Decl., ¶ 26.) That is enough to satisfy his minimal burden to conditionally certify a collective action of both AMs and SAMs.