# OUTTEN & GOLDEN LLP

Advocates for Workplace Fairness

August 25, 2015

**By ECF**
The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
For the Eastern District of New York
United States Federal Courthouse
225 Cadman Plaza East, Room N208
Brooklyn, NY 11201

   Re: *Wright v. C.E.C. Entertainment, Inc.*, No. 14 Civ. 6110 (MKB)(RER)

Dear Judge Reyes:

  We represent the Plaintiff in the above-referenced matter. We write pursuant to Local Civil Rule 37.3 and Section III.C.3 of the Court's Individual Practice Rules to respectfully request an order compelling Defendant C.E.C. Entertainment, Inc., d/b/a Chuck E. Cheese's ("CEC") to produce contact information for potential members of the putative nationwide Fair Labor Standards Act ("FLSA") collective. Plaintiff requires this information to determine whether he is similarly situated to other Assistant Managers ("AMs") and Senior Assistant Managers ("SAMs") at CEC locations nationwide and to support a renewed motion to expand the scope of the FLSA collective. As discussed below, courts in this Circuit routinely order defendants to produce contact information for this purpose.

  On July 16, 2015, the Court granted in part and denied in part Plaintiff's motion for conditional certification under 29 U.S.C. § 216(b). ECF No. 34 at 3-4. The Court declined to certify a nationwide collective action at that time and instead certified a collective limited to the four stores where Plaintiff worked. *Id.* at 4. However, the Court permitted Plaintiff to take nationwide discovery on the actual job duties of AMs and SAMs employed at CEC locations nationwide so that Plaintiff might seek certification of a larger collective at a later time. *Id.* The Court ordered the parties to meet and confer on the scope and manner of this discovery. *Id.*

  The parties met and conferred to discuss the parameters of nationwide discovery. During the meet and confer, Plaintiff requested that Defendant produce a list with names and last known contact information for all current and former AMs and SAMs nationwide (the "Class List"), so

**New York**   3 Park Avenue   29th Floor   New York, NY 10016   Tel (212) 245-1000 Fax (646) 509-2060
**Chicago**   161 N Clark Street   Suite 4700   Chicago, IL 60601   Tel (312) 809-7010 Fax (312) 809-7011
**San Francisco**   One Embarcadero Center   38th Floor   San Francisco, CA 94111   Tel (415) 638-8800 Fax (415) 638-8810

www.outtengolden.com

Hon. Ramon E. Reyes, Jr.
August 25, 2015
Page 2 of 3

that Plaintiff could interview them and determine whether they are similarly situated to him.[1] Defendant refused to provide the Class List.

    Courts regularly order production of class member contact information to enable plaintiffs to build a record supporting FLSA certification. *See, e.g., Glatt v. Fox Searchlight Pictures, Inc.*, No. 11 Civ. 6784, 2012 WL 2108220, at *3 (S.D.N.Y. June 11, 2012) ("precluding Plaintiffs from accessing [potential opt-in plaintiffs'] contact information would hamstring their ability to make the showing [that they were victims of a common policy]," as required to obtain conditional certification under 29 U.S.C. § 216(b)); *Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 513-14 (S.D.N.Y. 2010) ("Even where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts in this district have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and the plaintiffs could renew their motion for certification at a later date."); *Ruiz v. Citibank, N.A*, No. 10 Civ. 5950, 2010 WL 4630263, at *2 (S.D.N.Y. Nov. 9, 2010), *objections overruled by* 2011 WL 43509 (S.D.N.Y. Jan. 4, 2011) ("[P]rovision of [a class] list may lead to evidence relevant to the certification question and . . . early production will speed the process of certification and, if successful, notification.").

    Courts have also consistently held that "conditional certification is not a prerequisite to the turnover of information concerning the identit[ies] of potential class members." *Fei v. WestLB AG*, No. 07 Civ. 8785, 2008 WL 7863592, at *2 (S.D.N.Y. Apr. 23, 2008); *see also Glatt*, 2012 WL 2108220, at *2 (courts "routinely allow plaintiffs to discover identifying information regarding potential class members" prior to any ruling on conditional certification); *Zaniewski v. PRRC Inc.*, No. 11 Civ. 1535, 2012 WL 996703, at *1 (D. Conn. Mar. 22, 2012) ("[p]re-certification discovery of potential class lists is favored by most cases considering the question, within the contexts of Rule 23, FLSA, or both"); *Allard v. Post Rd. Entm't*, No. 11 Civ. 901, 2012 WL 951917, at *2 (D. Conn. Mar. 20, 2012) (granting pre-certification discovery of class list due to plaintiff's need to identify similarly situated employees); *Ruiz*, 2010 WL 4630263, at *1-2 (requiring pre-certification production of names, addresses, and telephone numbers); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 Civ. 1148, 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010) ("the weight of authority . . . counsels in favor of allowing [disclosure of class contact information and other information] in FLSA cases").

    Moreover, courts order defendants to produce collective member contact information even after denying the plaintiff's initial motion for conditional certification. *See, e.g., Lin*, 755 F.

---

[1]     The information is also responsive to Plaintiff's First Request for the Production of Documents, Request No. 1, which seeks "Computerized and machine-readable data containing the following information for Plaintiff, Collective Members, and/or Class Members during the relevant period, including: (1) name; (2) last known address; (3) last known telephone number; (4) last known email address; (5) work location(s), including city and state; (6) start and end dates for each location; (7) pay (or starting and ending pay) for each work location, showing the breakdown of regular earnings and other non-discretionary earnings, including but not limited to bonuses and commissions paid; (8) leaves or absences; and (9) job titles held."

Hon. Ramon E. Reyes, Jr.
August 25, 2015
Page 3 of 3


Supp. 2d at 513 (recommending disclosure of contact information for all delivery persons employed by the defendant, even though the plaintiffs did not meet their burden on conditional certification); *Flores v. Osaka Health SPA, Inc.*, No. 05 Civ. 962, 2006 WL 695675, at *4 (S.D.N.Y. Mar. 16, 2006) (denying conditional certification but nonetheless ordering disclosure of identities and contact information of all masseuses employed by the defendant in light of "the remedial purpose of FLSA"); *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349, 2006 WL 278154, at *1, 3 (S.D.N.Y. Feb. 2, 2006) (ordering disclosure of contact information for all of the defendant's non-managerial employees, even though the landscaper plaintiffs' motion for conditional certification was denied); *see also Gu v. T.C. Chikurin, Inc.*, No. 13 Civ. 2322, 2014 WL 1515877, at *5 (E.D.N.Y. Apr. 17, 2014) (denying without prejudice plaintiffs' motion for conditional certification and notice and ordering production of class member contact information); *Silva v. Calle 8*, LLC, No. 12 Civ. 677, 2013 WL 6330848, at *5 (E.D.N.Y. Dec. 5, 2013) (same).

      We thank the Court for its assistance with this matter.

                                  Respectfully submitted,

                                  Juno Turner


cc:     All counsel of record (via ECF)